IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE SUNDQUIST, derivatively and on behalf of THE ALLSTATE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| THOMAS J. WILSON, STEVEN E. SHEBIK, JUDITH A. SPRIESER, KERMIT R. CRAWFORD, MICHAEL L. ESKEW, DUANE ACKERMAN, JACK M. GREENBERG, ROBERT D. BEYER, HERBERT L. HENKEL, SIDDHARTH N. MEHTA, ANDREA REDMOND, JOHN W. ROWE, MARY ALICE TAYLOR, JACQUES P. PEROLD, and MATTHEW E. WINTER, | )<br>)<br>)<br>)<br>) Case No. 18 CV 3598<br>)<br>) Judge Robert W. Gettleman<br>)<br>)<br>) |
| Defendants, and | )<br>)<br>) |
| THE ALLSTATE CORPORATION, | )<br>) |
| Nominal Defendant. | )<br>) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant officers and board directors of The Allstate Corporation ("Allstate"), a publicly-held insurance company, told investors that a recent increase in insurance claims had been caused by "increased economic activity and non-catastrophe weather."[1] As alleged in the complaint, that was false: the increase in claims was actually the result of defendants having authorized Allstate to reduce its underwriting standards. These reduced standards allowed

---

[1] Well-pled facts from plaintiff's complaint are presumed true for resolving defendants' motion to dismiss. <u>Firestone Financial Corp. v. Meyer</u>, 796 F.3d 822, 826 (7th Cir. 2015).

Allstate's agents to issue insurance policies to drivers who were more likely to get into accidents. Contrary to defendants' statements—and contrary to reports that they filed with the Securities and Exchange Commission—it was this new, riskier pool of drivers that drove the increase in insurance claims.

Plaintiff Denise Sundquist,[2] an Allstate stockholder, brought this derivative suit against fifteen current and former officers and board directors (collectively, "defendants"). She alleges that defendants: (1) breached their fiduciary duties to Allstate; (2) were unjustly enriched by the money that they received from Allstate; (3) wasted Allstate's assets by exposing Allstate to legal liability, and by paying improper compensation to certain officers; and (4) misappropriated material, non-public information by selling Allstate shares when they knew that their false statements had artificially inflated Allstate's stock price.

Defendants move to dismiss. First, they argue that because the parties are litigating parallel suits in Illinois state court, the court should abstain from exercising jurisdiction under Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). Second, they argue that because plaintiff failed to make a demand on Allstate's board of directors before suing, dismissal is warranted under Fed. R. Civ. P. 12(b)(6).

Because the same parties are litigating substantially the same issues in state court, and the circumstances otherwise counsel against exercising jurisdiction, the court agrees that abstention is proper under Colorado River. Colorado River abstention, however, should be implemented not by dismissing the case, but by staying it. Consequently, defendants' motion to dismiss is

---

[2] While defendants' motion was pending, Ms. Sunquist passed away. Her lawyers intend to file a motion for substitution [Doc. 36].

denied without prejudice, and this case is stayed pending the resolution of the state court proceedings.**³**

## STATE COURT PROCEEDINGS

When plaintiff filed this diversity suit, two other Allstate stockholders had already filed derivative suits in the Circuit Court of Cook County, Illinois. Those suits emerged from the same facts alleged in this case. The first state suit, Biefeldt, was filed nine months before this case; the second, IBEW, one month before. Biefeldt v. Wilson et al., No. 2017-CH-10676 (Ill. Cir. Ct.); IBEW Local 98 Pension Fund v. Wilson et al., No. 2018-CH-04793 (Ill. Cir. Ct.).

In Biefeldt, the defendants moved to dismiss, arguing that the plaintiff had not adequately pled facts to show that a pre-suit demand would have been futile. After briefing, the court entered an order granting defendants' motion and dismissing the case without prejudice. The two suits were then consolidated under Biefeldt, and the plaintiffs filed a consolidated amended complaint. In that consolidated suit, the plaintiffs allege, as does plaintiff here, that defendants breached their fiduciary duties, were unjustly enriched, and wasted corporate assets. Those plaintiffs do not, however, allege that defendants misappropriated non-public information. See below for a table comparing the state court suits with this suit.

---

**³** Because the court has decided to stay this action under Colorado River, the court will not address defendants' argument that plaintiff failed to make a demand.

|                          | **Biefeldt** | **IBEW** | **Sundquist** |
|--------------------------|:---:|:---:|:---:|
| *Counts*                 |     |     |     |
| Breach of fiduciary duty | ✓   | ✓   | ✓   |
| Unjust enrichment        | ✓   | ✓   | ✓   |
| Corporate waste          |     | ✓   | ✓   |
| Insider trading          |     |     | ✓   |
| *Case activity*          |     |     |     |
| 08/03/17                 | Complaint filed | | |
| 04/12/18                 |     | Complaint filed | |
| 05/21/18                 |     |     | Complaint filed |
| 06/29/18                 | Motion to dismiss granted without prejudice | | |
| 07/26/18                 | Consolidated with IBEW | Consolidated under Biefeldt | |
| 08/10/18                 | Consolidated amended complaint filed | | |
| 09/28/18                 |     |     | Colorado River motion to dismiss fully briefed |

## **DISCUSSION**

"Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress." AAR International, Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 517 (7th Cir. 2001), quoting Colorado River, 424 U.S. at 817. Under "limited" and "exceptional" circumstances, however, a federal district court may stay a suit when there is an ongoing parallel suit in state court. Colorado River, 424 U.S. at 818. When abstention is

4

proper, it "conserve[s] both state and federal judicial resources and . . . prevent[s] inconsistent results." Freed v. J.P. Morgan Chase Bank, N.A., 756 F.3d 1013, 1018 (7th Cir. 2014).

"[A] federal court cannot lightly abjure its responsibility to assert jurisdiction." Lumen Contruction, Inc. v. Bryant Construction Company, Inc., 780 F.2d 691, 694 (7th Cir. 1985). Thus, "if there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." AAR Int'l, 250 F.3d at 518 (citations omitted).

To determine whether Colorado River abstention is proper, a court must first address whether the state and federal suits are parallel. Id. If the suits are parallel, the court then considers the factors articulated in Colorado River and its progeny to determine whether exceptional circumstances exist that warrant abstention. Id. at 522.

**1.      Are the suits parallel?**

Suits are parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." Id. at 518 (quotation marks omitted)). The suits need not be "formally symmetrical," but there must be "a substantial likelihood that the foreign litigation will dispose of all claims presented in the federal case." Id. (quotation marks omitted). The presence of additional parties or issues will not necessarily preclude a finding that they are parallel. Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 698, 701 (7th Cir. 1992). "Among other things, . . . a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." Tyrer v. City of South Beloit, 456 F.3d 744, 752 (7th Cir. 2006). Because plaintiff does not dispute that the

suits arise out of the same facts, the issues are whether the suits, (1) involve substantially the same parties, and (2) raise substantially the same issues.

### 1.1 Parties

Because both suits are derivative suits, the plaintiffs in each represent not their own interests, but Allstate's. See Levine v. Smith, 591 A.2d 194, 200 (Del. 1991). The plaintiffs' interests are thus congruent, and for Colorado River abstention, congruent interests make plaintiffs substantially the same. See Lumen Const., Inc. v. Brant Const. Co., Inc., 780 F.2d 691, 695 (7th Cir. 1985) ("Where the interests of the plaintiffs in each of the suits are congruent, Colorado River abstention may be appropriate notwithstanding the nonidentity of the parties."), quoting Canady v. Koch, 608 F. Supp. 1460, 1475 (S.D.N.Y. 1985).

The defendants are also substantially the same. Each defendant in this suit is a defendant in the consolidated state suit, except defendants Jacque Shebik and Steven Perold. Their omission from this suit does not necessarily defeat parallelism, which requires substantial similarity, not formal symmetry. See, e.g., Freed, 756 F.3d at 1020 (holding that the federal plaintiff's decision to omit several federal defendants from the state suit did not defeat Colorado River abstention).

First, whether Shebik is liable turns on issues that will be resolved in the state suit, which alleges—as does this suit—that Allstate officers and directors conspired to lie about why insurance claims had increased. Both suits allege that Allstate's 2014 annual report—which the defendant directors had to sign—misled stockholders by omitting the true cause of the increases in insurance claims. Although Shebik is not named as a defendant in the state suit, he was Allstate's chief financial officer. He was therefore required to sign off Allstate's annual reports, including the allegedly misleading 2014 annual report. If the state plaintiffs succeed in showing

that the annual report's duplicity was the product of a conspiracy among Allstate's officers and directors, they will have shown that Shebik was part of that conspiracy. See Clark, 376 F.3d at 686 (noting that the presence of "four additional defendants" in the federal case did not defeat Colorado River abstention because "[t]heir inclusion in the federal proceeding [did] not alter the case's central issue," which was "the same one" presented in the state lawsuit).

Similarly, whatever liability Perold might have is substantially likely to be resolved by the state suit. Plaintiff's theory for why Perold is liable is not clear: the complaint alleges that Perold was a member of two Allstate committees (Nominating and Governance; Risk and Return) when the directors were conspiring to defraud investors; yet plaintiff does not dispute that Perold became a director months after Allstate admitted that it had relaxed underwriting standards. Nevertheless, the state suit alleges that, as a current director, Perold "participated in, approved and/or permitted the wrongs alleged herein have occurred and participated in efforts to conceal or disguise those wrongs from Allstate's shareholders or recklessly disregarded the wrongs complained of herein . . . ." Those allegations are conclusory, but no more so than those concerning Perold in this suit. Perold's liability, like Shebik's, turns on the existence of a conspiracy among Allstate's officers and directors, so even though Perold is not named as a defendant in the state suit, the state suit is still likely to resolve his liability.

### 1.2   Issues

Both suits include counts for breach of fiduciary duty, unjust enrichment, and waste of corporate assets. Unlike the state suit, however, this suit includes a count of misappropriation of nonpublic information, or insider trading. Plaintiff argues that this asymmetry destroys parallelism, but it does not. The state suit's count of unjust enrichment includes similar allegations of insider trading and a similar request for relief:

|  | **Sundquist** | **Biefeldt** |
|---|---|---|
| Allegations | Defendants "took advantage of . . . artificially-inflated prices to sell their personally held shares of Allstate for proceeds totaling more than $24 million . . . ." | Defendants sold stock "at artificially inflated prices" and "profited handsomely by selling . . . their personal Allstate shares for $22,421,432 in unlawful insider trading proceeds." |
| Request for relief | Plaintiff asks the court to "impos[e] . . . a constructive trust on any profits the Insider Selling Defendants obtained" from their "use of [Allstate's] proprietary information for their own gain . . . ." | Plaintiffs ask the court to "impos[e] a constructive trust" on "all profits, special benefits and unjust enrichment [defendants] have obtained" from "their unlawful conduct, including all salaries, bonuses, fees and insider sales proceeds." |

Whether plaintiff alleges insider trading as a form of unjust enrichment, or as a separate cause of action, does not matter: "The parallel nature of the actions cannot be destroyed by . . . repackaging the same issue under different causes of action." Freed, 756 F.3d at 1020. Because they involve substantially the same issues and parties, the state and federal suits are parallel.

**2.     Are there circumstances that counsel against exercising jurisdiction?**

Next, the court must determine whether "exceptional circumstances" that justify abstention under Colorado River. Whether exceptional circumstances exist depends on these factors:

   (1)   whether the state court has assumed jurisdiction over property;
   (2)   the inconvenience of the federal forum;
   (3)   the desirability of avoiding piecemeal litigation;
   (4)   the order in which jurisdiction was obtained by the concurrent fora;
   (5)   the source of governing law;
   (6)   the adequacy of state court suit to protect the federal plaintiff's rights;
   (7)   the relative progress of state and federal proceedings;
   (8)   the presence or absence of concurrent jurisdiction;
   (9)   the availability of removal; and

(10) the vexatious or contrived nature of the federal claims.

Lumen, 780 F.2d at 694–95. No single factor is determinative; a court must "assess[] . . . the totality of the circumstances." Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 900 (7th Cir. 1999). Thus, whether to abstain should not rest on a "mechanical checklist," and the weight given to a factor will vary from case to case. LaDuke v. Burlington Northern R.R. Co., 879 F.2d 1556, 1559 (7th Cir. 1989), citing Moses H. Cone Memorial Hospital v. Mercury Contruction Corp., 460 U.S. 1, 16 (1983). Because a federal court usually must exercise the jurisdiction given to it by Congress, "absent or neutral factors favor exercising jurisdiction." Huon v. Johnson & Bell, Ltd., 657 F.3d 641, 648 (7th Cir. 2011).

**2.1    Whether the state court has assumed jurisdiction over property**

It is undisputed that the state court has not assumed jurisdiction over any property. This factor is therefore absent, which disfavors abstention. Id.

**2.2    The inconvenience of the federal forum**

This court is in Chicago, which is where the parties continue to litigate the state suit. The federal forum is thus not inconvenient, which disfavors abstention.

**2.3    Avoiding piecemeal litigation**

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Tyrer v. City of South Beloit, 456 F.3d 744, 755 (7th Cir. 2006). If the instant case proceeds, the same claims of breach of fiduciary duty, unjust enrichment, waste of corporate assets, and insider trading would be considered simultaneously by this court and the state court. "[T]he two courts would oversee similar pre-trial motions and discovery matters and two different triers of fact would be asked to consider the same issues, evidence and witnesses," Clark, 376 F.3d at 687, despite the

"substantial likelihood that the state litigation will dispose of all claims presented in the federal case." Lumen, 780 F.2d at 695 (rejecting the need for "formal symmetry" when considering the interest in avoiding piecemeal litigation). Although plaintiff argues that her insider trading claim makes this suit different than the state suit, the state plaintiffs raise the same insider trading claim under a theory of unjust enrichment, and they seek the same relief. Consequently, the state suit, despite lacking formal symmetry with this suit, is substantially likely to dispose of the same insider trading claim. This factor weighs heavily in favor of abstention.

### 2.4 The order in which jurisdiction was obtained

The consolidated state suit, Biefeldt was filed nine months before this case. Compare Lumen, 780 F.2d at 697 (holding that this factor favored abstention when the state suit was filed five months before), with Freed, 756 F.3d at 1022 (holding that that this factor could be considered neutral, but more likely favored abstention, when the state suit was filed three months before). This factor favors abstention.

### 2.5 The source of the governing law

There is no dispute that because both suits are stockholder derivative suits, and because Allstate is a Delaware corporation, the governing law is Delaware law. Neither this court nor the Illinois state court have any presumptive expertise in applying Delaware law. This factor is therefore neutral, which disfavors abstention. Huon, 657 F.3d at 648.

### 2.6 The adequacy of the state suit to protect the federal plaintiff's rights

The state suit is adequate to protect the federal plaintiff's rights if "the state court litigation will probably eliminate the need for any further proceedings in federal court." Lumen, 780 F.2d at 695. Plaintiff objects to the state suit's lack of an insider trading count, but that suit is adequate to protect her rights for four reasons:

- Although the state suit does not include a separate count of insider trading, as discussed above, the suit <u>does</u> include allegations of insider trading, albeit under a claim for unjust enrichment, and the state plaintiffs seek the same relief that plaintiff seeks in this suit.
- Even if the state suit somehow does not consider the insider trading claim, "plaintiff could still litigate any remaining issues in federal court after the state court proceedings ended." <u>Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.</u>, 962 F.2d 698, 702 (7th Cir. 1992) (affirming a stay under <u>Colorado River</u>, and agreeing that this factor favored abstention because the federal plaintiff could return to federal court after the state proceedings ended).
- Neither suit alleges a claim based on federal law, and there is no reason to think that plaintiff's rights under Delaware law cannot be adequately protected by the Illinois court.
- The real party in interest in stockholder derivative suits is the corporation itself. Plaintiff offers no reason to conclude that the state suit, bought on Allstate's behalf, is inadequate to protect Allstate's interests. See <u>Clark</u>, 376 F.3d at 686 (holding that, when considering whether derivative actions are parallel under <u>Colorado River</u>, "we consider only [the corporation's] interests, not the individual interests of the plaintiffs who brought the actions on [the corporation's] behalf.").

The state suit is therefore adequate to protect plaintiff's rights. This factor weighs heavily in favor of abstention.

### 2.7 The relative progress of state and federal suits

Like the other <u>Colorado River</u> factors, this factor should be "applied in a pragmatic, flexible manner with a view to the realities of the case at hand." <u>Moses H. Cone Memorial</u>

11

Hospital, 460 U.S. at 21. A court should consider not only "which complaint was filed first," but also "how much progress has been made in the two actions." Id.

The Biefeldt court has accepted briefing on a motion to dismiss for failing to adequately plead demand futility, entered an order granting the motion, and received a consolidated amended complaint. That ruling, contrary to plaintiff's contention, is not merely procedural: "the function of the demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is a matter of substance, not procedure." Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 96–97 (1991) (quotation marks omitted). Yet, despite the Biefeldt court having ruled on a substantive issue and its familiarity with the issues, it will still have to consider the amended complaint anew to determine whether the earlier deficiencies were cured, and in this court the parties have fully-briefed defendants' argument in the alternative for dismissal. On balance, because the state suit has progressed somewhat farther than this suit, this factor slightly favors abstention.

## 2.8 Whether concurrent jurisdiction exists

Neither suit has a federal claim. Although the parties agree that both courts have jurisdiction, plaintiff argues that the state court will not adjudicate her insider trading claim. That argument, however, is without merit. The state unjust enrichment claim includes allegations of insider trading, and the state plaintiffs seek the same remedy: a constructive trust on the defendants' ill-gotten, multimillion-dollar gains. This factor favors abstention.

## 2.9 The availability of removal

This circuit recognizes a "policy against hearing a federal claim which is related to ongoing non-removable state proceedings . . . ." Day v. Union Mines Inc., 862 F.2d 652, 659–60 (7th Cir. 1988) (analogizing from 28 U.S.C. § 1441(b), which allows district courts to

exercise jurisdiction over "otherwise non-removable set of claims" when "joined to a removable claim," but only if "the removable claim is separate and independent") (quotation marks omitted). Thus, this factor favors abstention when the state suit cannot be removed to federal court.

The court would not have federal question jurisdiction because the state suit has no federal claim. Nor would the court have diversity jurisdiction. When determining if the parties to a derivative suit are diverse, the corporation is treated as a defendant. Weinstein v. Schwartz, 422 F.3d 476, 478 (7th Cir. 2005). And when a defendant is sued in a state in which it is a citizen, the "forum defendant" rule bars removal to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2); Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 378 (7th Cir. 2000) (discussing the forum defendant rule). Here, the corporate defendant, Allstate, is a citizen of Delaware (its place of incorporation) and Illinois (its principal place of business). Because Allstate is an Illinois citizen sued in Illinois, the forum defendant rule bars removing the suit to federal court. This factor therefore favors abstention.

**2.10 The vexatious or contrived nature of the federal claims**

Defendants do not argue that plaintiff's claims are vexatious or contrived. This factor is therefore absent, which disfavors abstention. Huon, 657 F.3d at 648.

\* \* \*

Factors one (jurisdiction over property), two (inconvenience of the federal forum), five (governing law) and ten (vexatious litigation) disfavor abstention. Other than the inconvenience of the federal forum, these factors disfavor abstention only because they are neutral or do not apply. The other factors favor abstention, and among them, factors three (avoiding piecemeal litigation) and six (protecting the federal plaintiff's rights) are especially weighty. Abstention

will conserve judicial resources, prevent litigation gamesmanship, and avoid inconsistent results while the consolidated state suit—brought by fellow Allstate stockholders—will fully vindicate plaintiff's rights. These are exceptional circumstances, and they justify abstention.

Contrary, however, to defendants' request for dismissal, "the appropriate procedural mechanism when deferring to a parallel state-court proceeding is a stay, not a dismissal." Montano v. Chicago, 375 F.3d 593, 602 (7th Cir. 2004) (citing cases). The court therefore stays this case pending resolution of the state court proceedings, including any appeals. See Hearne v. Chicago Board of Education, 185 F.3d 770, 778 (7th Cir. 1999) (holding that abstention was proper when the state trial court had entered judgment, but "further appellate review" was still possible).

## **CONCLUSION**

This case is stayed pending the resolution of the consolidated state court proceedings in Biefeldt v. Wilson et al., No. 2017-CH-10676 (Ill. Cir. Ct.). Defendants' motion to dismiss [Doc. 21] is denied, without prejudice. Defendants' motion in support of consolidation and appointment of lead and liaison counsel [Doc. 10] is denied as moot, without prejudice. Plaintiff's request for judicial notice [Doc. 32] is granted.

When the state court proceedings conclude, any party may move this court to lift the stay and proceed with in a manner consistent with the state court's rulings and any preclusion principles that may apply. See Rogers v. Desiderio, 58 F.3d 299, 302 (7th Cir. 1995). This

case is set for a status on June 20, 2019, at 9:00 a.m., to inform this court on the status of the Biefeldt litigation.


**ENTER:      December 4, 2018**

*[signature: Robert W. Gettleman]*

**Robert W. Gettleman**
**United States District Judge**